[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO ADD JOHN DOE DEFENDANT #109
This is the defendants motion to add a "John Doe" defendant for the purpose of apportionment.
Although Connecticut's appellate courts have not reached this issue of whether an action may be maintained against a defendant whose identity is unknown, a "John Doe defendant," the majority of superior courts have refused to recognize such a cause of action.[1]
"[T]he majority of Connecticut Superior Courts have maintained that the naming of a `John Doe' defendant in a complaint and a summons is improper because Connecticut does not have a fictitious name statute, nor is authorized by the Practice Book." Mills v. Ansonia Community Action, Inc., Superior Court, judicial district of Waterbury, Docket No. 128715 (June 7, 1996, Pellegrino, J.).[2] See also Catalan v. Machnik ConstructionCo., Inc., Superior Court, judicial district of New London, Docket No. 535192 (March 8, 1996, Austin, J.) ("[t]o allow the defendant to name a John Doe apportionment defendant would be an unjustified departure from the legislative intent of Tort Reform II[3] because it would expand, rather than limit, the universe of negligence to non-particular, unidentifiable persons from whom the jury would then determine the percentage of responsibility for the plaintiff's injuries") (Emphasis omitted.); Hackett v.State, Superior Court, judicial district of Hartford/New Britain CT Page 12804 at Hartford, Docket No. 352161 (November 28, 1990, Stengel, J.) ("naming John Doe defendants in a complaint and writ is improper under Connecticut Practice").
This court agrees with the majority and for the reasons stated in the Mills case, supra, the court will deny the defendants motion to cite in a John Doe apportionment defendant.
PELLEGRINO, J.